**IN RE CATALYST THIRD-PARTY LITIGATION**

Master Docket SX-05-CV-799

Superior Court of the Virgin Islands

Division of St. Croix

December 16, 2015

WILLOCKS, *Administrative Judge*

**MEMORANDUM OPINION**

(December 16, 2015)

**THIS MATTER** is before the Court on Third-Party Defendant Akzo Nobel Polymer Chemicals, L.L.C.'s (hereinafter, "Akzo Nobel

Polymer")[1] Motion to Dismiss Without Prejudice, filed on June 9, 2011. Third-Party Plaintiffs Hess Oil Virgin Islands Corporation (hereinafter, "HOVIC") and Amerada Hess Corporation (hereinafter, "Hess", together with HOVIC, "Third-Party Plaintiffs") filed an Opposition on June 23, 2011. Akzo Nobel Polymer did not file a Reply.

## BACKGROUND

In 2005, the plaintiffs in the underlying action tiled lawsuits against Third-Party Plaintiffs for, *inter alia*, injuries sustained from alleged exposure to catalyst while working at HOVIC's refinery in St. Croix during the period from 1965 to 1998. On February 20, 2009, upon leave from the Court, Third-Party Plaintiffs filed a Third-Party Complaint asserting claims for contribution, contractual indemnification, and breach of contract. The Court subsequently severed the Third-Party lawsuit from the underlying lawsuits. On October 16, 2009, upon further leave from the Court, Third-Party Plaintiffs filed an Amended Third-Party Complaint adding more Third-Party Defendants, including Akzo Nobel Polymer, and asserting claims for contribution, common law indemnification, contractual indemnification, and breach of contract.[2] The Summons for Akzo Nobel Polymer was signed on February 17, 2011 and stamped by the Clerk on February 18, 2011. Akzo Nobel Polymer was not served until March 10, 2011.

Plaintiffs in the underlying lawsuits and Third-Party Plaintiffs settled their dispute and the Court ultimately dismissed the claims of Plaintiffs and Third-Party Plaintiffs with prejudice. Subsequently, Akzo Nobel Polymer filed this instant motion.

## DISCUSSION

Akzo Nobel Polymer filed this instant motion seeking dismissal without prejudice on grounds of insufficient process and service of

---

[1] To avoid confusion, the Court hereby emphasizes that Third-Party Defendant Akzo Nobel Polymer Chemicals, L.L.C. and Third-Party Defendant Akzo Nobel N.V. are two separate parties to this Third-Party lawsuit.

[2] The Amended Third-Party Complaint was filed before *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). For the purpose of this opinion, the Court will assume that these are all still viable causes of action in the U.S. Virgin Islands post-*Banks*.

process pursuant to Virgin Islands Superior Court Rules 22 and 24,[3] as well as Federal Rule of Civil Procedure 4.[4] In its Motion to Dismiss, Akzo Nobel Polymer pointed out that the Summons for Akzo Nobel was not signed and stamped until February 2011 even though the Amended Third-Party Complaint was filed in October 2009, in violation of Virgin Islands Superior Court Rules 22 and 24. Akzo Nobel Polymer argued that, therefore, the delayed issuance of the Summons is a deficiency in the process.[5] Moreover, Akzo Nobel Polymer also pointed out that Third-Party Plaintiffs did not serve Akzo Nobel Polymer until approximately 17 months after the Amended Third-Party Complaint was filed, and Third-Party Plaintiffs never sought leave to complete service after the 120-day time frame, in violation of Federal Rule of Civil Procedure 4. Thus, Akzo Nobel Polymer argued that process and service of process was insufficient, and that it was unduly prejudiced as a result. More specifically, Akzo Nobel Polymer asserted that it was prejudiced because it was deprived of the opportunity to engage in discovery and participate in the settlement of the underlying lawsuits. Therefore, Akzo Nobel Polymer moved for dismissal without prejudice.

In their Opposition, Third-Party Plaintiffs did not deny and did not provide a good cause, or any explanation at all, for the insufficiency of process and service of process. Instead, Third-Party Plaintiffs argued that Akzo Nobel Polymer's argument is moot because "even if the Court were to grant the present Motion to Dismiss based upon the alleged insufficient service, the dismissal will be merely procedural — a dismissal *without* prejudice — and thus will not operate to substantively terminated the

---

[3] The relief Akzo Nobel Polymer requested, dismissal of the Amended Third-Party Complaint, is not available under Virgin Islands Superior Court Rules 22 and 24. Nevertheless, it is "the function of the motion, not the caption, dictates which Rule applies." *Chavayez v. Buhler*, 2009 V.I. Supreme LEXIS 26 (V.I. 2009) (internal citations omitted). Akzo Nobel Polymer moved for the Court to dismiss the Amended Third-Party Complaint for insufficient process. Thus, the Court will treat Akzo Nobel Polymer's motion as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4).

[4] Federal Rule of Civil Procedure 4 is applicable to the U.S. Virgin Islands pursuant to Virgin Islands Superior Court Rule 27(b). Under Rule 4(m), the Court has discretion to dismiss the action without prejudice if no good cause was shown for service outside of the 120-day time frame.

[5] The delayed issuance of the Summons was the only deficiency Akzo Nobel Polymer alleged with regard to the Summons. Akzo Nobel Polymer did not contend that the substance or the form of the Summons was deficient in any way.

claims against Akzo Nobel Polymer." (Opp., at 3-4.) Third-Party Plaintiffs further argued that there was no undue prejudice to Akzo Nobel Polymer for not participating in the underlying lawsuits because the Court had severed the Third-Party lawsuit from the underlying lawsuits. Third-Party Plaintiffs requested the Court to deny Akzo Nobel Polymer's Motion to Dismiss, or in the alternative, permit Third-Party Plaintiffs to re-file and re-serve the Amended Third-Party Complaint upon Akzo Nobel Polymer.

## A. Process and Service of Process

Virgin Islands Superior Court Rule 22 states in relevant part that, "a civil action is commenced by filing a complaint with the court" and that "the plaintiff shall at the same time furnish the clerk with the summons to be issued . . ." Then, "[u]pon filing of the complaint, the clerk shall forthwith seal and issue the original process, except as otherwise provided by statute." V.I. SUP. CT. R. 24. The form of the summons is governed by Virgin Islands Superior Court Rule 23.[6] Virgin Islands Superior Court Rule 27(b) states in relevant part that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Procedure . . ." Accordingly, Federal Rules of Civil Procedure 4 governs the manner of service of process. Federal Rules of Civil Procedure 4 requires that a summons and a copy of the complaint be served on a defendant within 120 days after the filing of a complaint.[7]

---

[6] Virgin Islands Superior Court Rule 23 provides in pertinent part:

> Rule 23. Summons; form
> (a) The summons shall be in the name of the Government of the Virgin Islands; shall be attested and signed as provide by Rule 25 and directed to the defendant; shall contain the name and address of the court; the name of the plaintiff, and the name and address of the plaintiff's attorney, if any, otherwise, the plaintiff's address and the time within which these rules require the defendant to enter his appearance or file his answer the clerk of the court; and shall notify the defendant that in the case of his failure to do so, judgment by default may be rendered against him for the relief demanded in the complaint.

[7] Federal Rules of Civil Procedure 4 provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

13

■ Akzo Nobel Polymer is correct that, under Virgin Islands Superior Court Rules 22 and 24, the Summons should have been issued when the Amended Third-Party Complaint was filed. However, a delay in the issuance of the Summons is not a deficiency in the substance or the form of the Summons. Under Federal Rules of Civil Procedure 12(b)(4), "a defendant may attack the substance and form of a summons." *Foster v. V.I. Bureau of Internal Revenue*, 2015 U.S. Dist. LEXIS 41207, at *10 (V.I. Dist. Ct. 2015). Akzo Nobel Polymer did not challenge the sufficiency of the substance or the form of the Summons.

■ Furthermore, Akzo Nobel Polymer is also correct that the service of process was insufficient under Virgin Islands Superior Court Rule 27 and Federal Rules of Civil Procedure 4(m) because Third-Party Plaintiffs never filed a request for enlargement of time to complete service after 120 days expired.

■ Nevertheless, the Court does not find Akzo Nobel Polymer to be unduly prejudiced. The Court's October 9, 2009 Order severed the Third-Party lawsuit from the underlying lawsuits, so Akzo Nobel Polymer would not have been a party privy to discovery and settlement discussion of the underlying lawsuits. *See, e.g., Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 183 (V.I. Super. Ct. 2015) ("Once severed, the claims proceed separately as independent actions with separate judgments entered in each.") (internal quotation marks omitted). Furthermore, there has been minimal movement in this Third-Party lawsuit since its commencement in 2009. Currently, Third-Party Plaintiffs' Motion for Leave to File a Second Amended Third-Party Complaint is still pending before the Court.[8]

Moreover, the Court finds that Akzo Nobel Polymer voluntarily appeared in this Third-Party lawsuit. Title 5 V.I.C. § 115 provides that "A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him." Akzo Nobel Polymer filed a number of notices and motions with the Court in addition to this instant motion. For example, a notice of appearance was filed in May 2011, a notice of substitution of counsel and address change was filed in January 2012, a notice of additional time to respond to discovery in July 2015, a motion

---

must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

[8] By separate order, the Court will *sua sponte* direct parties to brief certain concerns the Court has regarding the Third-Party action.

for stay of mediation referral order in July 2015, and a motion for protective order in July 2015. Thus, Akzo Nobel Polymer waived any defenses with respect to service of process. *See* Title 5 V.I.C. § 115; *see also Ross v. Hodge*, 58 V.I. 292, 311, footnote 22 (V.I. 2013) ("[O]n remand the court should also consider whether Nathalie Hodge waived the defenses of insufficient service of process or lack of personal jurisdiction by voluntarily appearing and participating in the litigation. *See* 5 V.I.C. §115.").

## CONCLUSION

Mao Nobel Polymer voluntarily appeared in this Third-Party lawsuit, and thereby, it waived any defenses with respect to service of process. An Order consistent with this Memorandum Opinion will follow.